# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MILES WOLFF, ) ) Plaintiff, ) ) v. ) ) ZIP.CA, INC., ) ) Defendant. ) | **MEMORANDUM OPINION AND RECOMMENDATION** 1:09CV92 |

This matter is before the court on a motion to dismiss by Defendant Zip.ca, Inc. ("Zip") (docket no. 8). Plaintiff Miles Wolff has responded in opposition to Zip's motion to dismiss and Zip has submitted a reply. In this posture, the matter is ripe for disposition. Since there has been no consent to the jurisdiction of the magistrate judge, the court must address the motion by way of a recommended disposition. For the following reasons, it will be recommended that Defendant's motion be granted.

**I. Background**

This case arises out of an investment in a professional baseball team. Plaintiff is a resident of Durham, North Carolina, and Defendant is a Canadian corporation with its principal place of business in Ottawa, Ontario. Until May 2008, Plaintiff was the sole owner of Ottawa Professional Baseball, Inc. ("OPBI"), which leased the right to field a baseball team in Ottawa. Plaintiff is also a director and the commissioner

of the Canadian American Association of Professional Baseball, Ltd. (the "League") in which OPBI is a member.  On May 8, 2008, an agreement ("Letter Agreement") was signed, giving the management rights to Defendant and Momentous.ca Corporation, which owns 80 percent of Defendant.  Plaintiff retained 51 percent interest in OPBI.  In this agreement, Defendant agreed to indemnify Plaintiff for any costs resulting from the personal guarantee that Plaintiff made with the City of Ottawa on January 17, 2008, up to $216,000 (CDN).  The city subsequently demanded a payment for annual rent of the city-owned stadium of $108,000 (CDN) ($83,500 U.S.) from Plaintiff, which he paid.  Plaintiff then demanded the same amount from Defendant.  Defendant refused or failed to pay Plaintiff.

Plaintiff filed his complaint in the Durham County Superior Court to recover $83,500 from Defendant for breach of the indemnification agreement.  Defendant removed the matter to this court on February 4, 2008, contending that the dispute should be litigated in federal court based on diversity jurisdiction.  28 U.S.C. § 1332(a)(2).

## II. Discussion

Defendant's motion to dismiss, filed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, argues both that the court lacks personal jurisdiction over Defendant, and that the doctrine of *forum non conveniens*

requires that this case be heard in Ottawa. As a preliminary matter, it is the duty of any federal court to first determine whether it has jurisdiction over the matter before it. The United States Supreme Court has held, however, that a federal court may choose among threshold grounds for dismissing a suit, and need not necessarily decide jurisdictional issues first. *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007). The Supreme Court suggested that the court should "properly take[] the less burdensome course" in deciding which threshold issues or motions to consider. *Id.* at 436; *see Long Term Care Partners, LLC v. United States*, 516 F.3d 225, 233 (4th Cir. 2008) ("*Sinochem* counsels us to 'take[] the less burdensome course.'"). The Supreme Court limited the scope of its *Sinochem* holding by explaining:

> If, however, a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground. In the mine run of cases, jurisdiction "will involve no arduous inquiry" and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum 'should impel the federal court to dispose of [those] issue[s] first.'

*Sinochem*, 549 U.S. at 436 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999)). Here, the jurisdictional analysis is somewhat unclear and does not appear to be "the less burdensome course." Accordingly, I will consider the motion to dismiss based on *forum non*

3

*conveniens*, finding it to be the more efficient and reasonable course under the facts presented.

The doctrine of *forum non conveniens* gives the district court the discretion to dismiss a case where it finds that "when weighed against [the] plaintiff's choice of forum, the relevant public and private interests strongly favor a specific, adequate, and available alternative forum." *S & D Coffee, Inc. v. GEI Autowrappers*, 995 F. Supp. 607, 610 (M.D.N.C. 1997) (quoting *Kontoulas v. A.H. Robins Co.*, 745 F.2d 312, 315 (4th Cir. 1984)). As this court has observed:

> The relevant private interests include: the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining willing, witnesses; possibility of view of the premises if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive.
>
> The relevant public interests include: administrative problems resulting from court congestion; the local interest in having localized controversies decided at home; the interest in having trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems and conflicts of law or the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Id.* at 610-11 (citing *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1997) (internal citations omitted)).

I first find that the private interests do not tip the balance strongly in either direction. There are witnesses in both Canada and North Carolina,

4

although it is likely that more witnesses are in Canada. The physical evidence would consist entirely of documents that could be examined easily in either location. The public interests, however, argue strongly for this matter to be decided in Ottawa. Here, Plaintiff was acting as both commissioner of the League based in North Carolina and as owner of a team based in Ottawa when he signed the Letter Agreement. The indemnity clause in the Letter Agreement applies to costs Plaintiff might incur in his position as the team's owner in Ottawa, not as the commissioner of the League in North Carolina.

Furthermore, there is an adequate and available alternative forum in Ottawa, where nearly all of the events leading up to this case took place. Defendant currently has litigation against Plaintiff pending in Ontario Superior Court. That suit was filed just over a month after this litigation began. Although Plaintiff lives and works in North Carolina and this state is home to the League's offices, this is a localized dispute that arose in Canada. Defendant is a Canadian corporation that wanted to invest in a Canadian baseball team. The team's management was based in Ottawa, the team played its home games in Ottawa, and the team rented the stadium from the City of Ottawa.

Finally, the Letter Agreement provides that Ontario and Canadian law would govern and that each party would submit to non-exclusive

5

jurisdiction of the courts of Ottawa with respect to any matter arising under the Agreement. By agreeing to this clause, Plaintiff indicated that he was willing to be hailed into Canadian courts even if he was not required to bring suit there. His acceptance of these terms weakens his argument that it would be unfair for him to have to litigate away from his home district. Although this does not rule out hearing the case in North Carolina, the court would be applying foreign law in a dispute involving the financial problems of a Canadian baseball team. This is a matter best handled by the courts in Ottawa. Accordingly, the court will recommend dismissal of the action on *forum non conveniens* grounds.

### III. Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that the motion of Defendant Zip.ca, Inc. to dismiss (docket no. 8) be **GRANTED** on *forum non conveniens* grounds.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
June 10, 2009

6